IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No: 13-cv-2126-PAB
Criminal Case No: 11-cr-00279-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    ELIAS HERRERA-ZAMORA,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 551] filed by movant Elias Herrera-Zamora.  Mr. Herrera-Zamora's motion asserted four claims for relief.  Docket No. 551 at 4-5.  On December 4, 2014, the Court denied Mr. Herrera-Zamora's motion with respect his second, third, and fourth claims for relief.  Docket No. 559 at 19-21.  On July 9, 2015, the Court held an evidentiary hearing with respect to Mr. Herrera-Zamora's first claim for relief, namely, that his attorney, Mr. Normando Pacheco, was ineffective for failing to secure a 18 U.S.C. § 3553(f) "safety valve" meeting with the government.  See Docket No. 551 at 4.

To establish that his trial counsel was ineffective, the petitioner must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  For the reasons

stated at the hearing, the Court declined to decide whether Mr. Herrera-Zamora established the first prong of the *Strickland* test, instead denying Mr. Herrera-Zamora's first claim for relief because he failed to establish that he was prejudiced by counsel's alleged ineffectiveness. *See Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (holding that court "may address the performance and prejudice components in any order").

Under the prejudice prong, petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Mr. Herrera-Zamora testified about this prong through a one word answer: when asked whether, if Mr. Pacheco had advised him to cooperate with the government, he would have in fact cooperated with the government, Mr. Herrera-Zamora simply responded, "Yes."  For the reasons noted at the hearing, the Court did not find Mr. Herrera-Zamora credible on this point.  As a result, the Court ruled that, even if counsel advised Mr. Herrera-Zamora that providing information to the government was necessary to secure safety valve relief, Mr. Herrera-Zamora failed to establish that he would have been willing to provide information to the government.

Although the parties' arguments on the issue of prejudice were focused on the question of whether, absent counsel's allegedly deficient advice about the safety valve, Mr. Herrera-Zamora would have been willing to provide information to the government, Mr. Herrera-Zamora's burden of establishing prejudice is not so limited.  In addition to showing that he would have been willing to disclose information to the government, Mr. Herrera-Zamora was required to establish a reasonable probability that he would have

disclosed sufficient information so as to satisfy § 3553(f)(5) and secure safety valve relief. The Tenth Circuit has held that § 3553(f)(5) is satisfied when a defendant provides information as to "the offense of conviction and all relevant conduct," which "comprises more, often much more, than the offense of the conviction itself, and may include uncharged and even acquitted conduct." *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1095-98 (10th Cir. 2007). Where, as here, a defendant is charged with conspiracy, a defendant cannot comply with § 3553(f)(5) "without identifying the other participants in the conspiracy, or at least explaining why he is unable to identify those other participants." *Id.* at 1098; *see also United States v. Stephenson*, 452 F.3d 1173, 1180-81 (10th Cir. 2006). The government is afforded an opportunity to provide a recommendation regarding the applicability of 18 U.S.C. § 3553(f), but "[a]bsent a favorable recommendation from the government, a defendant needs to put on evidence at the sentencing hearing to meet his burden of showing that he truthfully and fully disclosed everything he knew and to rebut government claims to the contrary." *United States v. Cervantes*, 519 F.3d 1254, 1258 (10th Cir. 2008). Mr. Herrera-Zamora provided no testimony or documentary evidence concerning what information he would have disclosed to the government if given the opportunity. Thus, even if Mr. Herrera-Zamora had been willing to provide information to the government, there is no evidence upon which to conclude he would have provided information sufficient to secure a favorable safety valve recommendation from the government or otherwise establish at sentencing that he truthfully and fully disclosed his knowledge of the offense of conviction and all relevant conduct. *See Altamirano-Quintero*, 511 F.3d at 1095-98. Mr. Herrera-Zamora therefore fails to show a reasonable probability that, but for

counsel's allegedly deficient safety valve advice, he would have received safety valve relief. *See United States v. Landsaw*, 206 F. App'x 773, 776-78 (10th Cir. 2006) ("Even if Landsaw had been given the opportunity to proffer information to the government for safety valve analysis, it is possible that he would not have been awarded safety valve relief under 18 U.S.C. § 3553(f). The government and the sentencing court may not have believed that he had provided a full and truthful account of his knowledge concerning the offense.").

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Upon further review, and in light of Mr. Herrera-Zamora's failure to provide any evidence upon which to conclude that he would have disclosed sufficient information so as to secure safety valve relief, the Court finds that Mr. Herrera-Zamora has failed to make a substantial showing of the denial of a constitutional right. As a result, the Court will deny a certificate of appealability with respect to Mr. Herrera-Zamora's first claim for relief. As stated in the Court's prior order, a certificate of appealability is denied with respect to Mr. Herrera-Zamora's second, third, and fourth claims for relief.

For the reasons stated in the Court's December 4, 2014 order [Docket No. 559] and on the record at the July 9, 2015 evidentiary hearing, it is

**ORDERED** that Mr. Herrera-Zamora's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 551] is **DENIED**.  It is further

**ORDERED** that pursuant to 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED** as to all claims.  It is further

**ORDERED** that Civil Action No. 13-cv-02126-PAB is terminated.

DATED July 10, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge