IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00279-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. ELIAS HERRERA-ZAMORA,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on defendant Elias Herrera-Zamora's Letter re: Motion to Reduce Sentence Pursuant to First Step Act of 2018 [Docket No. 641] and Amended Motion for a Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket No. 653]. On November 30, 2012, Mr. Herrera-Zamora pled guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Docket No. 443 at 1. On February 15, 2013, Mr. Herrera-Zamora was sentenced to 188 months imprisonment. Docket No. 502 at 2. On August 17, 2015, his sentence was reduced to 151 months based on a change to the Sentencing Guidelines. Docket No. 618. Mr. Herrera-Zamora is currently incarcerated at the Reeves III Correctional Institute ("Reeves III") in Pecos, Texas. Docket No. 661 at 1.

On January 30, 2020, Mr. Herrera-Zamora filed a letter, which the Court construes as a motion, requesting a reduction in his sentence under the First Step Act of 2018. *See* Docket No. 641. The United States responded to this motion on February 6, 2020. Docket No. 648. On April 27, 2020, Mr. Herrera-Zamora filed a letter requesting reconsideration of his sentence due to the coronavirus ("COVID-19") pandemic, which the Court construes as a motion for compassionate release independent of Docket No. 641. *See* Docket No. 649. On October 1, 2020, Mr. Herrera-Zamora, through counsel, filed an amended motion for compassionate release, which the Court interprets as superseding Docket No. 649 and to be the operative motion for compassionate release. *See* Docket No. 653. The United States responded on October 15, 2020. Docket No. 661. Therefore, the Court will consider the grounds for a sentence reduction given in both defendant's motion for sentence reduction, Docket No. 641, and his amended motion for compassionate release, Docket No. 653.

## I. ANALYSIS

### A.  Motion for Sentence Reduction, Docket No. 641

Defendant's original motion claims that he is entitled to a sentence reduction under the First Step Act of 2018 because he committed a qualifying offense. Docket No. 641. Section 404 of the First Step Act of 2018 allows modifications of certain defendants' sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Under Section 404(b), "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* at § 404(b). A "'covered offense' means a violation of a Federal

criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* at § 404(a).  However, "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . ." *Id.* at § 404(c).

Defendant pled guilty to conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), Docket No. 443, and was sentenced on February 15, 2013.  Docket No. 502.  "Section 2 of the Fair Sentencing Act increases the amounts of crack cocaine required to trigger mandatory minimum sentences for crack cocaine offenses; section 3 eliminates the mandatory minimum sentence for simple possession of cocaine." *United States v. Brown*, 974 F.3d 1137, 1142 (10th Cir. 2020) (citing Fair Sentencing Act of 2010, Pub. L. 111-220, §§ 2, 3, 124 Stat. 2372). Defendant's offense is not a covered offense under the First Step Act of 2018 § 404(a) because it does not involve cocaine.  *See id.*  Covered offenses are only those modified by sections 2 and 3 of the Fair Sentencing Act, which modified 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii) and 960(b)(1)(C), (2)(C).  First Step Act of 2018, Pub. L. No. 115-391, §404(a), 132 Stat. 5194, 5222.  Additionally, defendant committed his offenses after August 3, 2010, further making him ineligible under Section 404(a).  *See id.*; Docket No. 1 at 1 (criminal complaint alleging violations of law took place between March 28, 2011 and May 3, 2011).  Defendant is ineligible for a sentence modification

pursuant to Section 404 of the Fair Sentencing Act of 2018, and therefore his motion to reduce sentence pursuant to First Step Act of 2018, Docket No. 641, is denied.

### B. Amended Motion for Compassionate Release, Docket No. 653

Defendant filed a motion for reconsideration of his sentence in light of the COVID-19 pandemic on April 27, 2020.  Docket No. 649.  On October 1, 2020, he filed an amended motion for modification of his term of imprisonment through counsel. Docket No. 653.  "[I]t is within the Court's discretion to grant a motion to amend a motion, and 'there is no reason to deny the amendment when the [Court] believes it would be in the interests of justice to permit it.'"  *Nosewicz v. Jansko*, No. 16-cv-00447-PAB-KLM, 2020 WL 4041457, at *2 (D. Colo. July 17, 2020) (quoting 5 *Fed. Prac. & Proc.* § 1194).  The Court will thus consider the amended motion to be the operative motion for compassionate release due to COVID-19.

Mr. Herrera-Zamora requests that the remainder of his imprisonment be replaced by an equal period of home detention, with or without electronic monitoring and on such conditions as the Probation Department deems necessary, to be followed by the term of supervised release previously imposed by the Court.  Docket No. 653 at 5.  He states that he has an increased risk of complications from COVID-19 due to his age (54 years old) and his history of poor health.  *Id*. at 3.  He represents that there has been a "rapid spread of COVID-19 at Reeves III."  *Id.*

Title 18 U.S.C.§ 3582(c)(1)(A) permits a district court to "reduce [a] term of imprisonment" in certain circumstances[1] "upon motion of the Director of the Bureau of

---

[1] Under 18 U.S.C. §  3582(c)(1)(A), the Court may order release if it finds that:

(i) extraordinary and compelling reasons warrant such a reduction; or

4

Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant states that "[h]e has gone through the proper procedures to appear before this Court." Docket No. 653 at 1. However, he does not indicate that he has filed a request with the warden of his facility to bring a motion to reduce a term of imprisonment on his behalf. Until Mr. Herrera-Zamora files a request with the warden of his facility and either the request is denied or 30 days elapsed, he has not "exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court does not have jurisdiction to consider Mr. Herrera-Zamora's request for compassionate release. *See United States v. Fuller*, No. 17-cr-00081-PAB, 2020 WL 4783435, at *1 (D. Colo. May 1, 2020) (finding that the Court did not have jurisdiction to consider a request for compassionate release when the exhaustion requirement was not satisfied) (citing *United States v. Keith*, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019)); *cf. United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (unpublished) ("[defendant] was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies.").

---

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court may not take action where it lacks statutory authorization to do so. The Court concludes that Mr. Herrera-Zamora has failed to demonstrate a basis for the Court to exercise jurisdiction over his request for a sentence reduction. It is therefore

**ORDERED** that defendant's Amended Motion for a Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket No. 653] is **DENIED without prejudice**. It is further

**ORDERED** that defendant's Letter re: Motion to Reduce Sentence Pursuant to First Step Act of 2018 [Docket No. 649] is **DENIED as moot**. It is further

**ORDERED** that defendant's Letter re: Motion to Reduce Sentence Pursuant to First Step Act of 2018 [Docket No. 641] is **DENIED with prejudice**.

DATED November 13, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge